UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN ARTHUR BRIDGES, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-7-JD-MGG |
| ROBERT E. CARTER, JR., et al., | |
| Defendants. | |

OPINION AND ORDER

John Arthur Bridges, Jr., a prisoner without a lawyer, filed a complaint, alleging that prison officials were unconstitutionally deducting room and board expenses from his wages. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bridges alleges that during his confinement at Miami Correctional Facility, he worked at Jacob's Trading, a private company that has a partnership with Indiana Correctional Facilities. Bridges claims that defendants unconstitutionally diverted some of his wages to pay for room and board. He contends that the state does not have the

authority to take money for room and board because that was not part of the sentence imposed by the court after his conviction.

Bridges frames the issue as whether the defendants have the authority to deduct room and board expenses from his wages without an order from the sentencing court allowing them to do so. This framing of the issue overlooks the explicit source of authority that allows defendants to make these deductions. Indiana law allows expenses for room and board to be deducted from the wages of a prisoner employed by a private employer, such as Jacob's Trading, who pays the prevailing wage for that type of work. Ind. Code §§ 11-10-7-3; 11-10-7-5(a)(3). The statute explicitly provides that employment with such a private employer is voluntary and "only after the offender has been informed of the conditions of the offender's employment," Ind. Code § 11-10-7-3, one of which is that "[t]he earnings of an offender employed under this chapter shall be surrendered to the department" and distributed according to the terms of the statute, Ind. Code § 11-10-7-5(a).

Prison regulations enacting this statute specify that the first 20% of an offender's gross earning is for his use (either available right away or given upon his release). *See* Indiana Department of Correction, Policy and Administrative Procedure 04-01-104, Inmate Trust Fund, effective date August 5, 2009, at p. 5, available at https://www.in.gov/idoc/dys/files/04-01-104__8-5-09.pdf. Then, after the necessary taxes are deducted, 40% of the remaining amount is taken for room and board and the rest is distributed as further specified in the statute and regulations. *Id.* This policy is in line with the federal Ashurst-Sumners Act, 18 U.S.C. § 1761 *et seq.*, which governs when

goods produced by prison labor may be sold in interstate commerce. For such goods to be sold in interstate commerce, the company must pay the prisoner market wages. 18 U.S.C. § 1761(c). But the statute does not entitle the prisoner to *keep* all those wages. It specifies that the prisoner is entitled to keep at least 20% of his gross wages, but the remaining 80% may be used to pay taxes, reasonable charges for room and board, child and family support, or victim compensation funds. *Id.* Thus, these statutes provide a legal basis for the prison to deduct room and board from his wages. And Bridges otherwise has no right to receive more of his wages.

Bridges cannot rely on state law to pursue a wage claim. *See Adams v. ArvinMeritor, Inc.*, 60 N.E.3d 1022, 1024 (Ind. 2016) ("Indiana Code section 11-10-7-4 did not explicitly create a private right of action for offenders to pursue wage claims."). Nor is he covered under the Federal Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* The Seventh Circuit has not explicitly addressed this situation where a prisoner is employed by a private employer in a partnership with the prison. *Cf. Vanskike v. Peters*, 974 F.2d 806 (7th Cir. 1992) (concluding FLSA does not apply to "prisoners who are assigned to work within the prison walls for the prison"); *Bennett v. Frank*, 395 F.3d 409 (7th Cir. 2005) (extending *Vanskike* to prisoners in privately run prisons); *Sanders v. Hayden*, 544 F.3d 812 (7th Cir. 2008) (extending *Vanskike* to people "confined civilly as a sexually violent person"). But every other circuit that has addressed the issue has concluded that the FLSA does not apply to prisoners employed by a private company in partnership with the prison. *See Harker v. State Use Indus.*, 990 F.2d 131, 133 (4th Cir. 1993); *Alexander v. Sara, Inc.*, 721 F.2d 149, 149-50 (5th Cir. 1983); *McMaster v. Minnesota*, 30 F.3d 976, 980

(8th Cir. 1994); *Hale v. Arizona*, 993 F.2d 1387 (9th Cir. 1993) (en banc), abrogated on other grounds by *Seminole Tribe v. Florida*, 517 U.S. 44 (1996); *Franks v. Okl. State Indus.*, 7 F.3d 971 (10th Cir. 1993); *Gambetta v. Prison Rehab. Indus. & Diversified Enter., Inc.*, 112 F.3d 1119, 1125 (11th Cir. 1997). The Eleventh Circuit concisely summed up the reasoning:

> Each court looked to the dual purposes of the FLSA—the provision of a decent standard of living for all workers and the avoidance of unfair competition—and concluded that neither was implicated. Each court noted that the state provides prisoners with food, shelter, and clothing, so that their standard of living is not at issue in this sort of case. And each court noted that Congress has addressed the issue of unfair competition more specifically in the Ashurst–Sumners Act, 18 U.S.C. §§ 1761–62, which criminalizes the transportation in interstate commerce of prison-made goods in instances where prisoner labor threatens fair competition. Moreover, Ashurst–Sumners exempts prison-made goods manufactured for use by federal, state and local governments. 18 U.S.C. § 1761(b). We are persuaded by the reasoning of our sister circuits, and we join them in the conclusion that inmates who work for state prison industries are not covered by the FLSA.

*Gambetta*, 112 F.3d at 1124 (internal citations and footnote omitted). Therefore, it is unnecessary to decide whether the Indiana Department of Correction may constitutionally deduct room-and-board expenses from a prisoner's wages in general because there is clear authority allowing them to deduct room-and-board expenses from Bridges under these circumstances. Bridges has no claim to receive any particular amount as wages for his employment with Jacob's Traders.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v.*

4

*Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

    For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

    SO ORDERED on April 26, 2022

                                           /s/JON E. DEGUILIO  
                                           CHIEF JUDGE  
                                           UNITED STATES DISTRICT COURT